UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LORRIE ANN HAMILTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:23-cv-2039 |
| | ) |
| COMMUNITY SCHOOL CORPORATION | ) |
| OF SOUTHERN HANCOCK COUNTY, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Lorrie Ann Hamilton, ("Hamilton"), by counsel, brings this cause of action

against Defendant, Community School Corporation of Southern Hancock County ("Defendant"),

pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et. seq.* ("Title VII"), the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.*, and the Indiana Wage Claims

Statute ("IWCS"), I.C. § 22-2-9-4.

**PARTIES**

1.      Hamilton has resided within Hancock County, Indiana, at all relevant times.

2.      Defendant is a "community school corporation" formed under Indiana Code 22-

23-4 and located in Hancock County, Indiana.

**JURISDICTION AND VENUE**

3.      Jurisdiction is conferred on this Court by 28 U.S.C §1331, 42 U.S.C. § 2000e-

5(f)(3), 29 U.S.C. §216(b), and supplemental jurisdiction over Hamilton's IWCS claim under 28

U.S.C. § 1367 because that claim is so related to claims in the action within this Court's original

jurisdiction that it forms part of the same case or controversy.

4.	Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b), 29 U.S.C. § 203(d) and Indiana Code § 22-2-9-1(a).

5.	Hamilton was an "employee" within the meaning of 42 U.S.C. § 2000e(f), 29 U.S.C. § 203(e) and Indiana common law. *See Snell v. C.J. Jenkins Enters.*, 881 N.E.2d 1088, 1091 (Ind. Ct. App. 2008) (applying common law meaning of "employee" because Wage Claims Statute does not specifically define "employee").

6.	Plaintiff satisfied her obligations to exhaust her administrative remedies under Title VII, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a right-to-sue notice to Plaintiff. She now timely files this lawsuit.

7.	Plaintiff satisfied her obligations to exhaust her administrative remedies under IWCS, having timely filed a wage claim with the Indiana Department of Labor.  Undersigned counsel received a referral from the Indiana Department of Labor to initiate a civil action on Hamilton's behalf under the IWCS.

8.	All the events, transactions, and occurrences pertinent to this lawsuit occurred within the geographical environs of the Southern District of Indiana and is the location of Defendant. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### FACTUAL ALLEGATIONS

9.	Hamilton is female. Defendant hired Hamilton as a bus driver on or around August 2007.

10.	Hamilton's performance met or exceeded Defendant's legitimate expectations at all relevant times.

11.	In 2019, Defendant hired Andrew Ramsaran as a mechanic. Shortly after he began

his employment with Defendant, Ramsaran created a sexually charged and hostile work environment in the bus yard where Hamilton and other drivers began and ended their trips.

12.    Ramsaran regularly made inappropriate sexual jokes in the presence of Hamilton and other female employees.

13.    Ramsaran openly pursued sexual favors from female employees and has carried on affairs with at least three female bus drivers while employed with Defendant.   Additionally, Ramsaran engaged in sexual contact with female bus drivers in the workplace.

14.    Ramsaran bullied and demeaned Hamilton and other women whom he was not actively sexually pursuing, including yelling at them and threatening them. Ramsaran did not engage in similar conduct towards male bus drivers or other male employees.

15.    Hamilton reported Ramsaran's conduct on multiple occasions to Bob Martin ("Martin"), Defendant's Director of Transportation, who supervised both the bus drivers and Ramsaran.  Martin's responses were in the nature of "What do you want me to do about it?" Martin refused to take corrective action and did not discipline Ramsaran. Ramsaran's conduct continued unabated.

16.    At some time after Hamilton had made complaints to Martin, Ramsaran was given access to review audio and video recordings from the buses which Hamilton and other drivers drove.

17.    Ramsaran used his access to the bus audio and video recordings to monitor and stalk Hamilton and other female bus drivers in the workplace. The bus audio and video recording systems were active even when the buses were not being driven, and Ramsaran accessed the recordings to eavesdrop on Hamilton and other female bus drivers on occasions when they were in

a bus speaking with one another before and after trips.

18.     Ramsaran bullied and threatened female bus drivers whom he overheard talking about him.  Ramsaran did not engage in such conduct towards male bus drivers.

19.     On October 26, 2022, Hamilton complained to Bob Yoder and Katy Eastes, assistant superintendents for Defendant, regarding sexual harassment and the ongoing hostile work environment perpetuated by Ramsaran and Martin's failure to take remedial action.

20.     On October 28, 2022, Defendant terminated Ms. Hamilton's employment for allegedly violating Indiana law forbidding texting while driving.

21.     Hamilton did not text while driving as evidence by Defendant's audio/video recording.  Instead, Hamilton's bus was stopped, and she was engaged in a conversation with a parent at the door of the bus.

22.     Indiana Code § 9-21-8-59 states that (with specified exceptions), "a person may not hold or use a telecommunications device while operating a **moving** motor vehicle." (emphasis added).

23.     Defendant's proffered reason for terminating Hamilton is demonstrably pretextual.

24.     During her employment with Defendant, Hamilton often worked more than 40 hours per week, driving not only her standard route but also after-school and athletic events.

25.     Defendant did not properly pay Hamilton for all hours worked in excess of 40 in any given workweek.  At times, Defendant only paid Hamilton "straight" time for overtime work. Often, however, Defendant "banked" Hamilton's overtime, thus failing to pay Hamilton at all for overtime hours worked.

## COUNT I: TITLE VII – SEX DISCRIMINATION

26.     Hamilton hereby incorporates paragraphs 1 through 25 of her Complaint.

27.     Defendant took discriminated against and took adverse employment actions against Hamilton because of her sex.

28.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Hamilton's rights protected by Title VII.

## COUNT II:  TITLE VII – RETALIATION

29.     Hamilton hereby incorporates paragraphs 1 through 28 of her complaint.

30.     Defendant retaliated against Hamilton for complaining about a sexually hostile work environment.

31.     Defendant took adverse employment actions against Hamilton because of her statutorily protected complaints.

32.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Hamilton's rights protected by Title VII.

## COUNT III:  TITLE VII – SEX HARASSMENT

33.     Hamilton hereby incorporates paragraphs 1 through 32 of her Complaint.

34.     Defendant created a sexually hostile work environment for Hamilton.

35.     Despite Hamilton's complaints, Defendant took no legitimate actions designed to remedy the hostile work environment.

36.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Hamilton's rights as protected by Title VII.

## COUNT IV: FAIR LABOR STANDARDS ACT

37.    Hamilton hereby incorporates paragraphs 1 through 36 of her Complaint.

38.    Defendant has failed to compensate Hamilton for all overtime wages earned.

39.    Defendant's actions have been intentional, willful, and in reckless disregard of Hamilton's rights as protected by the FLSA.

## COUNT V: INDIANA WAGE CLAIMS STATUTE

40.    Hamilton hereby incorporates paragraphs 1 through 39 of her Complaint.

41.    Defendant did not timely issue payment to Hamilton for all wages earned.

42.    Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Hamilton's rights as protected by the IWCS.

## REQUESTED RELIEF

WHEREFORE, Lorrie Ann Hamilton, by counsel, respectfully requests that this Court find for her and order that:

1.    Defendant pay lost wages and benefits to Plaintiff;

2.    Defendant reinstate Plaintiff to her position with seniority, or pay Plaintiff front pay in lieu thereof;

3.    Defendant pay compensatory and punitive damages to Plaintiff;

4.    Defendant pay liquidated damages to Plaintiff;

5.    Defendant pay all unpaid straight and overtime wages to Hamilton;

6.    Defendant pay treble damages to Hamilton;

7.    Defendant pay pre- and post-judgment interest to Hamilton;

8.    Defendant pay Hamilton's attorneys' fees and costs incurred in litigating this action; and

9.    Defendant pay to Hamilton any and all other legal and/or equitable damages

that this Court determines appropriate and just to grant.


Respectfully submitted,

John H. Haskin
Craig M. Williams
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570
Email: jhaskin@jhaskinlaw.com
Email: cwilliams@jhaskinlaw.com


## DEMAND FOR JURY TRIAL

Plaintiff, Lorrie Ann Hamilton, respectfully requests a jury trial for all issues deemed

triable.

Respectfully submitted,

John H. Haskin
Craig M. Williams
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570
Email: jhaskin@jhaskinlaw.com
Email: cwilliams@jhaskinlaw.com